IRMA HARRIMAN et al., Appellants, v. DRAINAGE DISTRICT No. 7-146 et al., Appellees.

**DRAINS:** Intercounty Drain—Assessment for Tile Drain Wholly in One County. Under intercounty drainage proceedings, lands in one county may be assessed for the cost of a tile drain which is constructed wholly within another county, but which is of substantial value to the improvement as a whole.

*Appeal from Franklin District Court.*—R. M. WRIGHT, Judge.

SEPTEMBER 20, 1924.

REHEARING DENIED DECEMBER 11, 1924.

· APPEAL from assessment for benefits in a drainage district. —*Affirmed.*

*John M. Hemingway,* for appellants.

*Clock & Saley* and *Birdsall, McGrath & Archerd,* for appellees.

· FAVILLE, J.—Appellants are the owners of certain lands in Franklin County. In 1914, they filed a petition with the board of supervisors of said county, praying for the establishment of a drainage district within said county. An engineer was appointed by the board of supervisors of Franklin County, who filed a report recommending that the drainage district prayed for by appellants be not established, and also recommending that a joint drainage district be established in Franklin and Wright Counties. After this report had been filed, appellants filed a petition praying for the establishment of a joint drainage district to be located in Franklin and Wright Counties and including appellants' lands therein. Proper proceedings were had thereafter, and said joint drainage district was established, and the improvement constructed, and the lands lying in said district were assessed for the cost of the construction of said improvement. Appellants appeal from the amount of the assessment levied against their lands.

The main contention of appellants centers about a single proposition, and that is that their assessments are erroneous and excessive because of their claim that a sufficient outlet for all of the lands lying in Franklin County could have been had at or near the Franklin County line, and that a joint drainage district was unnecessary, and that appellants' lands should not be assessed for benefits derived by the construction of a tile drain as a part of said improvement through lands lying wholly in Wright County.

· The record shows that the improvement as constructed in-

cluded a large tile drain which extended from near the county line a considerable distance through lands in Wright County to the final point of outlet. It is the contention of appellants that this tile drain took the place of an open ditch or water channel that had sufficient capacity and fall to have carried all the waters brought to the county line from the lands in Franklin County; and that appellants received no benefit whatever by the substitution of a tile drain for an open ditch, or water channel, through the lands in Wright County; and that the expense of the construction of said main tile through the Wright County lands should be borne wholly by the landowners in said last named county.

To put it another way: It is the contention of appellants that the original district petitioned for by them in Franklin County could have been constructed, and had an adequate and sufficient outlet at or near the Franklin County line, and that the construction of a joint drainage district and the carrying of said waters from the Franklin County line by a tile drain through the lands in the joint drainage district lying in Wright County was solely for the benefit of the lands lying in Wright County, and that the cost of the construction of said main tile in Wright County should be wholly borne by the landowners in said county.

It is readily apparent from an examination of the record in this case that the establishment of the improvement at the large expense involved was an unpropitious and unfortunate undertaking for the landowners. We cannot, however, in this proceeding consider the question as to whether or not said improvement was ill-advised. The district has been established, the improvement constructed, and the expense incurred without protest. The sole question for our consideration, on this appeal, is whether or not the lands of appellants have been inequitably and improperly assessed.

Appellants do not contend that the classification of their lands is improper, or that they are inequitably assessed in relation to other lands in the district similarly situated; but their contention is that they are not benefited by the construction of a tile drain through the lands in Wright County, and that there

was an adequate fall from all the lands in Franklin County and a good and sufficient outlet for said lands in an open drain at or near the county line.

The cost of the construction of the tile drain in Wright County was approximately $57,000. The evidence tends to show that the fall was such that the water from appellants' lands could have been discharged in the open ditch at or near the county line. Notwithstanding this fact, the evidence also tends to show that the establishment of a tile drain in lieu of an open ditch through the Wright County lands was of benefit to the lands in Franklin County. The construction of a tile drain in lieu of the open ditch relieved the necessity of future cleaning out or repair, and furnished a permanent outlet for the uplying lands, which, under the evidence, constituted an actual and substantial benefit.

The evidence of the engineer was to the effect that the construction of the forty- and forty-eight-inch tile through the lands in Wright County, as opposed to the open ditch, would affect the efficiency of the entire system and improve it, for the reason that an open ditch does not maintain its grade, unless it has an excessive fall, which does not appear to be the fact in this case.

Neither is it altogether clear from the evidence that it would have been possible to have obtained an adequate outlet in the open ditch at the west line of Franklin County for the lands of the district lying in said county. In fact, there is expert evidence to the contrary.

It appears that, in making the assessment for benefits, a direct benefit of three dollars a rod was charged to each tract of land in both counties that had a tile running through it. This charge was made, regardless of the size of the tile. It was approximated as the cost of laying an eight-inch tile four feet in the ground. This plan was adopted throughout the entire district.

We are not to be understood as holding that such an arbitrary method of assessment is to be approved. Each tract of land should be assessed for the actual benefit it receives from the construction of the improvement, and the assessment of the

several tracts should be relatively proportionate, as the statute contemplates.

As to some of the lands through which the tile drain is constructed in Wright County, it appears that, except for the portion taken by the open drain previously existing, the tracts could be cropped and farmed. The question of the benefit which such lands received from the construction of the tile drain, in comparison with other lands throughout the whole district, was proper for consideration by the assessing tribunal. It is apparent from the record that some of the lands in Wright County, through which the main tile was constructed, received no greater direct benefit therefrom than other lands remote from the main drain received from lateral drains constructed through them.

We cannot acquiesce in appellants' contention that the entire cost of the tile drain through the lands in Wright County should be assessed to the owners of such lands, and no part thereof borne by appellants or the landowners owning lands in Franklin County. Nor is it possible for us to ascertain from the record how much, if any, we should reduce the assessment levied against appellants' lands. The assessment, not only against appellants' lands, but against other lands throughout the district, is very high; but we cannot say from the record that appellants' lands are assessed excessively or inequitably in proportion to other lands throughout the district, nor can we from the record find a basis for a more equitable assessment.

The decree of the district court appears to us to be as substantially equitable as can reasonably be expected in the case. Exactitude is impossible. An approximation alone is feasible. It follows that said decree of the district court must be—*Affirmed.*

ARTHUR, C. J., and PRESTON and STEVENS, JJ., concur.

EVANS, J., not participating.